**Paulette Boudreaux RODRIGUE, etc.,**
**Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY et al., Appellees.**

No. 24504.

United States Court of Appeals
Fifth Circuit.

May 16, 1968.

Thomas W. Thorne, Jr., New Orleans, La., Philip E. Henderson, Charles J. Hanemann, Jr., Houma, La., A. Deutsche O'Neal, Philip E. Henderson, Charles J. Hanemann, Jr., of O'Neal, Waitz & Henderson, Houma, La., for plaintiff-appellant.

W. J. McAnelly, Jr., New Orleans, La., Richard C. Baldwin, James E. Blazek of Adams & Reese, New Orleans, La., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant's husband was killed in an accident on the derrick of a drilling rig on a fixed structure located on the Outer Continental Shelf approximately 28 miles south of Grand Isle, Louisiana. The District Judge dismissed appellant's civil suits based upon Louisiana's Death Statute (La.R.C.C. Art. 2315) but retained jurisdiction over her suit in Admiralty under the Death on the High Seas Act (46 U.S.C. § 761 et seq ) and awarded a substantial judgment under that Act.

The contention that under Section 4 of the Outer Continental Shelf Lands Act (43 U.S.C. § 1331) appellant may bring an action for damages under the Louisiana Death Statute (La.R.C.C. Art. 2315) has recently been decided by us adversely to the contentions of appellant. In Dore et al. v. Link Belt Co. et al., 5 Cir., 1968, 391 F.2d 671, we held that the exclusive remedy under these circumstances is the Death on the High Seas Act. We are not persuaded that we should change our holding in *Dore*, which is supported by three recent decisions of this Court in Loffland Brothers Company v. Roberts, 5 Cir., 1967, 386 F.2d 540, cert. denied, 389 U.S. 1040, 88 S.Ct. 778, 19 L.Ed.2d 830 (1968); Ocean Drilling & Exp. Co. v. Berry Bros. Oilfield Service, 5 Cir., 1967, 377 F.2d 511; and Pure Oil Co. v. Snipes, 5 Cir., 1961, 293 F.2d 60.

Affirmed.