**Nettie Lee FONTENOT et al., Plaintiffs-Appellees-Cross Appellants,**

v.

**NICKLOS DRILLING COMPANY et al., Defendants-Appellees,**

**Unit Crane and Shovel Corporation, Defendant-Appellant-Cross Appellee.**

**No. 28331.**

United States Court of Appeals, Fifth Circuit.

July 21, 1970.

Rehearing Denied Aug. 12, 1970.

William T. Healy (argued), Tucson, Ariz., for appellant.

Carl Waag (argued), Deputy Atty. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellee.

Before KOELSCH and HUFSTEDLER, Circuit Judges, and *THOMPSON, District Judge.

* Honorable Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

**570**

Boris F. Navratil, of Breazeale, Sachse & Wilson, Baton Rouge, La., for Unit Crane & Shovel Corporation.

Jacque B. Pucheu, J. Winston Ardoin, Eunice, La., for Fontenot.

Sam A. LeBlanc, III, Adams & Reese, New Orleans, La., for Nicklos Drilling Co.

Before COLEMAN, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This case involves claims arising out of an accident on a stationary drilling platform off the coast of Louisiana. At the time of the trial this circuit followed the rule that the Death on the High Seas Act, 46 U.S.C.A. §§ 761 et seq., governed all claims arising out of an accident on one of these platforms. Rodrigue v. Aetna Casualty and Surety Co., 5 Cir. 1968, 395 F.2d 216, 217; Dore v. Link Belt Co., 5 Cir. 1968, 391 F.2d 671. The trial court carefully followed this rule and permitted recovery under the terms of the Death on the High Seas Act.

After the trial and before this appeal, the United States Supreme Court rendered its opinion in Rodrigue v. Aetna Casualty and Surety Co., 1969, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360, reversing this circuit and holding that the Outer Continental Shelf Lands Act, 43 U.S.C.A. §§ 1331 et seq., governs all claims arising out of accidents of this sort on such offshore platforms. Under that Act federal law supplemented by the law of the adjacent state is applicable to such claims. It appears, therefore, that Louisiana law as provided in the Outer Continental Shelf Lands Act rather than the law provided in the Death on the High Seas Act should have been applied to the claims asserted in this case. Accordingly, we reverse the decision of the trial court and remand for a new trial to be conducted in accordance with the Supreme Court's opinion in *Rodrigue.*

Reversed and remanded.