Roland GUILLORY, Plaintiff-Appellant,

v.

HUMBLE OIL & REFINING COMPANY, Defendant-Appellee.

No. 29845.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1972.

Roy Maughan, Baton Rouge, La., for plaintiff-appellant.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for defendant-appellee; Bernard J. Caillouet, New Orleans, La., of counsel.

Before RIVES, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Roland Guillory brought this suit on January 15, 1968, for personal injuries, which he alleged were sustained on December 18, 1965 while working on a fixed offshore drilling platform of defendant Humble Oil & Refining Company located on the Outer Continental Shelf in the Gulf of Mexico off the Louisiana coast.

Defendant Humble filed a motion to dismiss the suit on the ground that under the one-year prescriptive period provided for by Louisiana law (Article 3536, LSA–C.C.) the suit was filed beyond the statutory period of limitations. The District Judge granted the motion to dismiss, D.C., 310 F.Supp. 230, basing his decision on the recent Supreme Court decision in Rodrigue v. Aetna Casualty & Surety Company, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (decided June 9, 1969), which the Trial Court held required the application of the Louisiana one-year prescriptive period thus barring this suit. The Trial Judge declined to restrict the holding in *Rodrigue* to a prospective effect as requested by appellant Guillory.

■■ The Supreme Court in the latest case on the subject, Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (decided December 6, 1971), said, however, in a matter involving the identical principle of law, that "a weigh-

ing of the equities requires nonretroactive application of the state statute of limitations here." Id., 404 U.S. at 109, 92 S.Ct. at 356. In the present case the injuries were sustained and suit was filed prior to the decision in *Rodrigue.* Thus, according to the prospective application rule announced in *Huson,* the suit has not prescribed under the Louisiana statute.

Accordingly, the judgment of the District Court is erroneous and must be reversed and the case remanded for further proceedings.

Reversed and remanded.