Bobby G. **MULLINS**

v.

**CHEVRON OIL CO.**

Civ. A. No. 71–2442.

United States District Court,
E. D. Louisiana.

June 15, 1972.

Donald R. Brown, of McKinley, Dimos & Brown, Monroe, La., for plaintiff.

Lloyd C. Melancon, of McLoughlin, Barranger, Provosty & Melancon, New Orleans, La., for Chevron Oil Co.

Donald L. King, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Travelers Ins. Co.

H. Edward Weidlich, Jr., of Drury, Lozes & Curry, New Orleans, La., for Employers' Surplus Lines Ins. Co.

CHRISTENBERRY, District Judge.

Plaintiff Bobby G. Mullins was injured in an accident which occurred on January 6, 1969, on a fixed drilling platform in the Gulf of Mexico off the coast of Louisiana. He filed this suit against defendant Chevron Oil Co. on August 30, 1971, after which Chevron third-partied Mullins' employer, Labor Services, Inc., and its insurers, Travelers Insurance Co., Steamship Mutual Underwriters Association, Ltd., LaSalle National Insurance Co., Employers' Surplus Lines Insurance Co., and Underwriters at Lloyd's, London.

Defendant Chevron and third-party defendants Labor Services, Inc., and Travelers Insurance Co. have moved for summary judgment on the premise that plaintiff's action is time-barred by the one-year Louisiana law of prescription, La.Civ.Code art. 3536, made applicable to this case by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq. Rodrigue v. Aetna Casualty & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969); Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

In addition, Chevron Oil Co. has moved to dismiss plaintiff's suit or, alternatively, for summary judgment against him on the grounds that his exclusive remedy is under the Louisiana Workmen's Compensation statute which bars recovery here. La.R.S. 23:1031, 23:1061. Chevron's third motion is to strike the plaintiff's demands for unseaworthiness. This motion is grounded upon the fact that the warranty of seaworthiness does not apply to fixed drilling structures and is made alternatively in the event that the motions to dismiss or for summary judgment are denied.

Finally, as third-party plaintiff, Chevron has moved for summary judgment against third-party defendants, Labor Services, Inc., and its insurers. This motion is bottomed on the indemnity provisions of the contract between Chevron and Labor Services, Inc., and is, of

course, contingent upon denial of Chevron's motions to dismiss or for summary judgment against plaintiff Mullins.

At the time of the accident, January 6, 1969, Mullins was standing on a drilling platform commonly known as "Charley Structure," an artificial island officially designated O.C.S. Platform No. 0386, located in the Gulf of Mexico, Block No. 23, owned and operated by defendant Chevron. As an employee of Labor Services, Inc., he was engaged in unloading cargo from the M/V David Charles, a vessel owned and operated by Chevron which was tied up alongside the platform. In unloading the cargo plaintiff employed a lift pole and an air hoist device which he alleges were defective in that they were not capable of lifting the cargo to a height sufficient to clear the guardrails of the platform. In attempting to manually lift the cargo over the guardrails, plaintiff alleges that he suffered back injuries. Further, plaintiff claims that these injuries were aggravated by the action of a Chevron employee who, seeing plaintiff unable to straighten up, "suddenly caught hold of complainant's shoulders and placed one of his knees in the small of complainant's back and forcefully and violently jerked back on plaintiff's shoulders while at the same time pushing forward with his knee in complainant's back." Complaint of Plaintiff at para. 9.

## TIME LIMITATION

On June 9, 1969, six months after plaintiff Mullins' alleged accident, the United States Supreme Court decided *Rodrigue v. Aetna Casualty & Surety Co., supra.* Interpreting section 1333 of the Lands Act, *Rodrigue* held that the law of the adjacent state—not admiralty law—applies to causes of action arising on fixed drilling platforms located on the outer continental shelf. This decision reversed the longstanding rule in the Fifth Circuit Court of Appeals that

admiralty law governed in such cases. *See, e. g., Loffland Brothers Co. v. Roberts,* 386 F.2d 540, 545 (5th Cir. 1967), cert. denied, 389 U.S. 1040, 88 S.Ct. 778, 19 L.Ed.2d 830 (1968); *Pure Oil Co. v. Snipes,* 293 F.2d 60 (5th Cir. 1961).

More than two years after *Rodrigue,* Mullins filed the instant suit on August 30, 1971, alleging the aforementioned facts concerning the accident and seeking recovery under the general maritime law and the Lands Act for the damages incurred. On December 6, 1971, *Chevron Oil Co. v. Huson, supra,* was decided. Following the rationale of *Rodrigue,* the Supreme Court held that Louisiana's one-year limitation, rather than the admiralty doctrine of laches, applies to actions for personal injury occurring on fixed structures adjacent to the Louisiana coast.

It should be noted that the Supreme Court's decision in *Huson* reversed the holding of the Fifth Circuit in that case, for Huson v. Chevron Oil Co., 430 F.2d 27 (5th Cir. 1970), had held that the prescriptive period for actions such as this was the admiralty doctrine of laches. This was the law in the Fifth Circuit, although not without misgivings,[1] at the time plaintiff Mullins filed his suit.

Significantly, the Supreme Court in *Huson* held that its decision would not be applied retroactively to claimant Huson. 404 U.S. at 107, 92 S.Ct. 349. In that case the injury had occurred and suit had been filed prior to the decision in *Rodrigue.* In the instant case, the injury occurred before *Rodrigue,* but suit was filed post *Rodrigue.* The narrow question to be decided, therefore, is whether, under the facts of this case, the *Rodrigue-Huson* principle is to be applied retroactively or prospectively.[2] I find that it should be applied prospectively for the following reasons.

In passing on the "nonretroactivity question" in *Huson,* the Supreme Court

1. *E. g.,* 31 La.L.Rev. 417 (1971). *But cf.* 17 Loy.L.Rev. 446 (1970–1971).

2. *See generally* Swaim, Yes, Virginia, There is an Admiralty: The Rodrigue Case, 16 Loy.L.Rev. 43, 80 (1969–1970).

delineated three factors to be considered. The first criterion contains a dual test:

"First, the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . ."

*Huson, supra,* 404 U.S. at 106, 92 S.Ct. at 355 (citations omitted). Undoubtedly, *Rodrigue* meets both of the alternative tests stated in this criterion. *Huson* also meets this first standard, for the Supreme Court established therein a new principle of law regarding time limitation and overruled the clear precedent of the Fifth Circuit's holding, upon which plaintiff's counsel explicitly states that he relied.

The Supreme Court's holding in Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), gives ample support for this view. In that criminal case the Court refused to give retroactive application to the decision in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), amplifying an exclusionary evidentiary rule concerning electronic surveillance. In response to appellant Desist's contention that *Katz* "did not depart from any existing interpretation of the Constitution, but merely confirmed the previous demise of obsolete decisions," 394 U.S. at 247, 89 S.Ct. at 1032, the Supreme Court stated: "However clearly our holding in *Katz* may have been foreshadowed, it was a clear break with the past . . . ." 394 U.S. at 248, 89 S.Ct. at 1033. While *Huson* may well have been foreshadowed by *Rodrigue,* nevertheless, it was a distinct severance from the past, and for this reason it meets the requirements of the first criterion.

The second factor to be considered in determining nonretroactivity is to " 'weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective opera-tion will further or retard its operation.' " *Huson, supra,* 404 U.S. at 106–107, 92 S.Ct. at 355, quoting Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Plaintiff Mullins' situation with regard to this factor is identical to that of the injured claimant in *Huson,* that is, retroactive application would bar him completely from any remedy. The Supreme Court found that consideration of this factor supported the conclusion that the rule should not be applied retroactively; that conclusion is equally applicable to the circumstances of this case.

The third and final factor is to weigh "the inequity imposed by retroactive application, for '[w]here a decision . . . could produce substantial inequitable results if applied retroactively, there is ample basis . . . for avoiding the "injustice or hardship" by a holding of nonretroactivity.' " *Huson, supra,* 404 U.S. at 107, 92 S.Ct. at 355, 30 L.Ed.2d 296 quoting Cipriano v. City of Houma, 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1970).

It must be recalled that at the time of plaintiff Mullins' accident and at the time his suit was filed, the law in this circuit was that the admiralty doctrine of laches applied. In these circumstances it would indeed be anomalous to hold that state law, applied retroactively, will bar an employee's recovery when "a primary purpose underlying the absorption of state law as federal law in the Lands Act was to aid injured employees by affording them comprehensive and familiar remedies." *Huson, supra,* 404 U.S. at 107–108, 92 S.Ct. at 356. Such a disposition appears even more inequitable when one considers that in order for plaintiff to have avoided this result, his counsel would have had to foresee not only that *Rodrigue* would be applied retroactively, but also that it would apply to time limitations and that the Fifth Circuit's decision in *Huson* would be overruled by the United States Supreme Court. I believe that it is just

such inequity which the nonretroactivity rules seek to avoid.[3]

## THE LOUISIANA WORKMEN'S COMPENSATION ACT

The clear language of the Lands Act makes unnecessary a protracted discussion of Chevron's motion based upon the application of the Louisiana Workmen's Compensation Act. This motion must be denied because Congress has specified that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1970), applies to personal injuries received on fixed platforms located on the Continental Shelf, Bertrand v. Forest Corp., 441 F.2d 809 (5th Cir. 1971); 43 U.S.C. § 1333(b)–(c),[4] and the Longshoremen's Act does not bar recovery from Chevron in this case for the reason that Mullins was not an employee of Chevron. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 101–102, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

## THE WARRANTY OF SEAWORTHINESS

Technically, Chevron's motion to strike plaintiff's demands based on unseaworthiness comes too late to meet the requirement that such motions be brought prior to responding to a pleading. Fed.R.Civ.P. 12(f). Nevertheless, considering the motion on its merits I find that it must be denied for the following reasons:

As Professor Wright states, motions to strike "should be denied unless the allegations attacked have no pos-

sible relation to the controversy and may prejudice the other party." C. Wright, Federal Courts 277 (2d ed. 1970). Of course, the warranty of seaworthiness does not attach to non-vessels, such as the fixed drilling platform upon which Mullins was standing at the time of his injury. Dronet v. Reading & Bates Offshore Drilling Co., 367 F.2d 150 (5th Cir. 1966). Nevertheless, under certain circumstances the protection afforded by a vessel's warranty of seaworthiness may extend to a person who is neither aboard the vessel nor upon navigable waters. See, e. g., Gutierrez v. Waterman S. S. Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); The Admiralty Extension Act, 46 U.S.C. § 740 (1970). But see Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L. Ed.2d 383 (1971).

Mullins alleges that at the time of the accident he was engaged in unloading the M/V David Charles and that the unseaworthiness of this vessel was the partial cause of his injury. At this stage of the proceedings, therefore, it cannot be said with certainty that the plaintiff was not in some manner protected by a warranty of seaworthiness at the time he was injured. He is thus entitled to prove the verity of his allegations regarding unseaworthiness.

## THE INDEMNITY CLAIM

Chevron's final motion is for summary judgment against third-party defendants Labor Services, Inc., and its insurers. This motion, based upon the

---

3. See 44 Tul.L.Rev. 354, 362–363 (1970).

4. 43 U.S.C. § 1333(b)–(c):
    "(b) The United States district courts shall have original jurisdiction of cases and controversies arising out of or in connection with any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources, or involving rights to the natural resources of the subsoil and seabed of the outer Continental Shelf, and proceedings with respect to any such case

or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the adjacent State nearest the place where the cause of action arose.
    "(c) With respect to disability or death of an employee resulting from any injury occurring as the result of operations described in subsection (b) of this section, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. . . ."

indemnity provisions of the contract in force between third-party plaintiff, Chevron, and third-party defendant, Labor Services, Inc., must be denied because there I find genuine issues of material fact which preclude the granting of summary judgment.

For the foregoing reasons, therefore, the motions of defendant Chevron Oil Co. to dismiss or for summary judgment against plaintiff Bobby G. Mullins are denied.

The motion of defendant Chevron Oil Co. to strike plaintiff Bobby G. Mullins' demands for unseaworthiness is denied.

The motion of Chevron Oil Co. as third-party plaintiff for summary judgment against third-party defendants Labor Services, Inc., Travelers Insurance Co., Steamship Mutual Underwriters Association, Ltd., LaSalle National Insurance Co., Employers' Surplus Lines Insurance Co., and Underwriters at Lloyd's, London, is denied.