Raymond A. JAMES, Plaintiff-Appellant,

v.

REBEL WELL SERVICE, INC., and Humble Oil and Refining Company, Defendants-Appellees.

No. 30496.

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1973.

J. Stuart Douglass, Harvey J. Lewis, Vincent J. Glorioso, Jr., New Orleans, La., for plaintiff-appellant.

W. Gerald Gaudet, Lafayette, La., Bernard J. Caillouet, E. Burt Harris, New Orleans, La. (Humble Oil & Refin. Co.), for defendants-appellees.

Before GODBOLD, DYER and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

The repercussions from *Rodrigue*[1] continue. On November 1, 1966, Raymond A. James allegedly sustained injuries while working for Rebel Well Service, Inc. on an Humble Oil platform set on the Outer Continental Shelf of Louisiana. James brought this action against Rebel Well and Humble on October 31, 1969, two years and 364 days after the alleged injury and 144 days after the Supreme Court decision in *Rodrigue*, handed down June 9, 1969. On June 4, 1970 the District Court dismissed James' suit as barred by the Louisiana one year statute of limitations for personal injury actions, article 3536, LSA–C.C.[2]

On July 14, 1970, in Huson v. Otis Engineering Corp., 430 F.2d 27 (CA5, 1970), we held that although *Rodrigue* adopted state law as the applicable scheme for injuries sustained while working on platforms located on the Outer Continental Shelf, the Louisiana statute of limitations was not applicable. The Supreme Court reversed our holding as to the applicability of the Louisiana statute but affirmed our result on other grounds. Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Huson's injury occurred and his complaint was filed prior to the *Rodrique* decision. Weighing the equitable considerations and examining the purposes of *Rodrigue*, the Court in *Huson* refused to retroactively time bar Huson's action. Finding no crucial distinction between Huson's situation and James' situation, we reverse the District Court's dismissal of James' suit on the basis of the Louisiana statute of limitations, but we also remand for a consideration of the defendants' plea of laches.

In *Chevron Oil*, after concluding that the Louisiana statute was applicable, the Supreme Court considered three factors in deciding not to bar Huson's action by retroactive application of *Rodrigue*: whether the decision established "a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . ."; whether nonretroactivity would further the purposes and effect of the new rule; and whether retroactive application would produce inequitable results. 404 U.S. at 106–107, 92 S.Ct. at 355, 30 L.Ed.2d at 306. In Guillory v. Humble Oil & Ref. Co., 453 F.2d 886 (CA5, 1972), where both injury and suit also preceded *Rodrigue*, we followed the Supreme Court's equitable decision in *Huson*.

In this case, whose only distinguishable aspect is that the suit was filed 144 days after *Rodrigue*, the same considerations compel us to reverse the District Court. For two years and 220 days after his injury, "[t]he most [James] could do was to rely on the law as it then

1. Rodrigue v. Aetna Casualty & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969).

2. The court also dismissed James' suit against Rebel Well on the independent basis

that his exclusive remedy against his employer was the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (1970). James wisely did not waste effort appealing that decision. Nations v. Morris, 483 F.2d 577 (CA5, 1973).

was."[3] Obviously retrospective application of *Rodrigue* would deprive James "of any remedy whatsoever on the basis of superseding legal doctrine that was quite unforeseeable."[4] James' injury, if proven, "may significantly undercut his future earning power,"[5] and his right to redress is deserving of protection. Humble and Rebel Well contend that, because suit was filed after *Rodrigue,* the decision in that case became applicable to the action and prospective application of *Rodrigue* requires the suit be time-barred. That conclusion would lead to absurd results. A suit filed one day before *Rodrigue* for an injury three years before the decision would not be time-barred, while a suit filed one day after *Rodrigue* for an injury occurring one year before the decision would be time-barred.

We can conceive of no circumstances under which we could conclude that the Louisiana statute began to run prior to the date of *Rodrigue.* But we need not decide in this case whether *Rodrigue* or some subsequent date marks the effective date after which every action will be subject to the statute, see Mullins v. Chevron Oil Co., 344 F.Supp. 1063 (E. D.La.1972), first, because James' suit was filed well within a year after *Rodrigue,* and secondly, 144 days was not an unreasonable time delay before bringing suit after *Rodrigue.*

The conclusion that the statute of limitations did not time-bar James' action does not end the analysis. If James relied on pre-*Rodrigue* law in delaying suit he must also submit to the limitations of that law. Admiralty law, which previously applied to Outer Continental Shelf Platform injuries, applied the doctrine of laches in limiting actions. Huson v. Otis Engineering Corp., 430 F.2d 27 (CA5, 1970); Pure Oil Co. v. Snipes, 293 F.2d 60 (CA5, 1961). The elements in considering a plea of laches, extent of delay and prejudice to defendant, are set out and analyzed in numerous decisions, see, e. g., Powell v. City of Key West, 434 F.2d 1075 (CA5, 1970); Molnar v. Gulfcoast Transit Co., 371 F.2d 639 (CA5, 1967); Watz v. Zapata Off-Shore Co., 431 F.2d 100 (CA5, 1970); Akers v. State Marine Lines, Inc., 344 F.2d 217 (CA5, 1965); McMahon v. Pan American World Airways, Inc., 297 F.2d 268 (CA5, 1962). The District Court did not consider Rebel Well's and Humble's plea of laches in light of its holding that James was barred by the statute. As we did in Dickerson v. Continental Oil Co., 449 F.2d 1209, 1223 (CA5, 1971) (on second petition for rehearing) we remand for consideration of that issue.

Reversed and remanded.

---

3. Chevron Oil Co. v. Huson, *supra,* 404 U.S. at 107, 92 S.Ct. at 356, 30 L.Ed.2d at 306.

4. Id., 404 U.S. at 108, 92 S.Ct. at 356, 30 L.Ed.2d at 306.

5. Id., 404 U.S. at 108, 92 S.Ct. at 356, 30 L.Ed.2d at 307.